UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                         Plaintiff,

                         v.

SHAWN BLANEY,

                                         Defendant.
_____

                                                                    DECISION AND ORDER

                                                                    19-CR-6137DGL

      Shawn Blaney ("Blaney") through counsel, the Federal Public Defender, has filed a motion (Dkt. #32) for relief pursuant to 18 U.S.C. § 3582(c)(2). This motion was based on the amendments to the Sentencing Guidelines which alter the Criminal History Category by eliminating or reducing status points that are assigned under U.S.S.G. § 4A1.1(d). These amendments were deemed to be retroactive effective February 1, 2024.

      Blaney originally pleaded to two counts: a narcotics offense involving conspiracy to distribute methamphetamine and, in Count 2, a firearms offense, possession of a firearm in furtherance of a drug trafficking crime. There were mandatory minimum sentences, but because Blaney provided significant substantial assistance, the Government moved under 18 U.S.C. § 3553(e) for a six-level reduction under the Guidelines. At the original sentencing, based on all of the factors, the Court granted the Government's motion for a reduction and sentenced Blaney to an aggregate term of 90 months imprisonment – 30 months on the narcotics offense and 60 months consecutive on the firearms offense.

In addition to the original motion, the United States Probation Office has filed an Amended Abbreviated Supplemental Presentence Report (Dkt. #37), which I have reviewed. That thorough Report lists the prior history and Blaney's activities in the institution, including numerous educational courses and substantial good-time credit. Considering a comparable six-level reduction for providing substantial assistance, Probation opines that the present Guideline Range would be 78-97 months. Defense counsel agrees that the Guideline Range would be as determined by Probation.

The Government has filed its Response (Dkt. #56) opposing the motion. The Government claims that the Guideline Range is now 87-108 months, even with the six-level reduction. Defense counsel rejects that notion and filed a detailed Reply (Dkt. #38) reaffirming its analysis and underscoring the fact that the § 3553(a) factors also support a reduction. In addition, defense counsel submitted certificates showing the substantial rehabilitative efforts and educational programs that Blaney has completed.

There is no doubt that Blaney is eligible for a reduction based on the change in the Guidelines which significantly affect the calculation of the criminal history category by eliminating or changing the status points. There is no reason for Blaney not to get the benefit of that and there is no reason why the Court should not once again grant the previously-filed motion by the Government to give Blaney a substantial reduction (six-levels) for his cooperation.

The Court has significant discretion in these matters and I have considered all the material submitted, as well as analyzing the factors under § 3553(a) and I believe Blaney is entitled to a reduction. At the original sentence, the Government was sufficiently impressed with Blaney's change of heart and cooperation that it recommended a six-level reduction. If anything, Blaney's conduct has improved in the sense that he has taken not insignificant steps to engage in educational

activities and other programs to assist in his return to society and to employment. Therefore, I believe that Shawn Blaney is entitled to 12-month reduction to an aggregate sentence of 78 months.

## CONCLUSION

Defendant Shawn Blaney's motion for a sentence reduction (Dkt. #32) is GRANTED. The Probation Office is directed to prepare an Amended Judgment for my signature to 18 months imprisonment on Count 1 and 60 months imprisonment on Count 2, consecutive, for an aggregate sentence of 78 months imprisonment. All other terms of the original sentence, including the term of supervised release and special conditions remain the same.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 13, 2024.